**Eleanor FILOON, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 2003.

Decided March 19, 2003.

Eleanor T. Filoon, petitioner, pro se.

Diana C. Clark, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Eleanor Filoon petitions for review of an order of the Secretary of the Department of Public Welfare denying reconsideration of a final administrative action order of the Department's Bureau of Hearings and Appeals that affirms a hearing officer's denial of her appeal from a decision of the Bucks County Assistance Office (CAO). The CAO terminated Ms. Filoon's participation in the food stamp and Medical Assistance—Healthy Horizons programs upon Ms. Filoon's notification to that office that she had received a lump-sum settlement from a disability claim. We affirm the Department.

Ms. Filoon participated in the food stamp and Medical–Assistance Healthy Horizons program. On September 19, 2001, she informed the Bucks County Assistance Office that, on September 10, 2001, she had received insurance proceeds totaling $24,030.00 for a disability claim she filed in 1975. Upon receipt of this information the office determined that the insurance proceeds constituted excess resources and that Ms. Filoon was, therefore, no longer qualified to receive food stamps pursuant to 7 C.F.R. § 273.8(a), or Medical Assistance pursuant to 55 Pa.Code §§ 140.334 and 140.358. The office sent Ms. Filoon written notices proposing to discontinue her food stamps on October 1, 2001 and her Medical Assistance on October 2, 2001. Ms. Filoon filed an appeal of these discontinuances on October 1, 2001.

In a pre-hearing conference, personnel from the Bucks County Assistance Office explained to Ms. Filoon why she was no longer eligible for the two programs. At that time she was given the opportunity to review her case file, the applicable regulations and relevant portions of the Department's Medical Assistance Handbook. Ms. Filoon reviewed that material from approximately 10:00 a.m. to 2:00 p.m. The hearing on Ms. Filoon's appeal was held by telephone on December 7, 2001. Ms. Filoon acknowledged receipt of the $24,030.00 in insurance proceeds but testified that she had spent $22,222.37 on various bills including $1,951.45 on medical expenses. Her remaining bank balance at the time of the hearing was $470.36. Her testimony however, revealed that most of the bills she paid were for non-medical goods and services she purchased *after* she received the insurance payment.

An individual's eligibility for food stamps is governed by 7 C.F.R. § 273.8, which limits the maximum allowable resources of a person over 60, such as Ms. Filoon, to $3,000.00. Eligibility for Medical Assistance—Healthy Horizons is governed by 55 Pa.Code § 140.301, which limits Ms. Filoon's maximum resources to $2,000.00.

A recipient is ineligible for Medical Assistance once her resources exceed the resource limit and she remains ineligible until her resources are again below the limit. Resources used by a recipient to pay for medical expenses are not counted once the resources are used to pay the medical expenses. In other words, once a recipient's resources exceed the resource limit, the recipient must deplete his or her resources on medical expenses before becoming eligible for benefits once again. 55 Pa.Code § 178.1(a), (c) and (j).

Ms. Filoon testified that she received a lump sum payment of $24,030.00 and that she spent only $1,951.45 of that sum on medical expenses. Therefore, for the purpose of qualifying for benefits, Ms. Filoon's resources remain in excess of $22,000.00, well above the resource limits in her case. Nothing in her testimony or the argument or exhibits in her brief changes that fact.

Accordingly, we affirm the order of the Secretary in this matter.

### *ORDER*

AND NOW, this 19th day of March 2003, the order of the Secretary of the Department of Public Welfare in the above-captioned matter is affirmed.