**Mary Rose MERLINI, By and Through her attorney-in-fact Joseph P. MERLINI, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 2007.

Decided July 25, 2007.

Reargument/Reconsideration Denied Sept. 7, 2007.

Joseph P. Merlini, petitioner, pro se.

Diana C. Clark, Asst. Counsel and Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, PELLEGRINI, Judge, LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Mary Rose Merlini (Merlini) appeals from a final order of the Department of Public Welfare (Department) upholding the Bureau of Hearings and Appeals' (Bureau) decision denying an appeal from the determination of its Blair County Assistance Office's (Assistance Office) determination that she was ineligible for medical assistance for nursing home care because her available financial resources exceeded the program's limits.

On April 20, 2006, Merlini, an 87–year–old woman suffering from Alzheimer's disease, was admitted to Valley View Nursing Home in Blair County, Pennsylvania. Merlini's son (Son) filed an application for medical assistance for nursing home care on her behalf. The application listed, among other assets, United States savings bonds having a total value of $10,500. Each was titled with Merlini's name "or" the name of the Son or her daughters, and each bore her social security number. The Son indicated on the application that they were gifted to Merlini's children between 1980 and 1990.

■ In determining whether Merlini was eligible for medical assistance,[1] the Assistance Office calculated that her net assets were $19,582.56, of which $10,768.80 was the value of the savings bonds. Even though the bonds were in both her and her children's names, the Assistance Office included their full amount because it determined that they belonged to her based on the facts that Merlini purchased them solely with her own funds and her social security number appeared on each one. Because her net assets were in excess of the $8,000 eligibility limit for medical assistance for nursing home care, 55 Pa.Code

---

1. The Department is required to determine the eligibility of applicants seeking medical assistance based on the amount of resources they have prior to applying for this program. To be eligible, the total value of an applicant's available assets must not exceed the established medical assistance resource limit. 55 Pa.Code § 178.1. When the total value is greater than the resource limit, an applicant remains ineligible for medical assistance and must deplete her resources on medical expenses before becoming eligible for benefits again. *Filoon v. Department of Public Welfare*, 819 A.2d 188 (Pa.Cmwlth.2003).

§ 178, Appendix A, *NMP–MA Resource Limits,* the Assistance Office found that Merlini was ineligible for medical assistance. She appealed this determination to the Bureau, and an Administrative Law Judge (ALJ) was assigned.

To support Merlini's claim that the full amount of the bonds should not be included in determining her net assets, her Son testified that while his mother bought the bonds with her own funds and kept them in her possession, each bond contained her name "or" the name of one of her children, thereby conveying co-owner status on the named beneficiaries. He explained that because each person was a co-owner and could independently cash the bond, the Department improperly presumed that the full value of the bonds belonged to Merlini. He opined that as co-owners, each person was entitled to a 50% share of the value of the bond. The Son further testified that the presence of Merlini's social security number was not indicative of ownership, but was used in the event that a bond was stolen. He also testified that it was his mother's intent for the bonds to be monetary gifts for him and his sisters after their father died. Finally, he stated that the bonds were placed in gift envelopes, and in lieu of delivery of the bonds to her children, Merlini kept them in a safety deposit box which bore his and her name.

■ The ALJ denied Merlini's appeal of the Assistance Office's determination that she was ineligible for medical assistance for nursing home care. While acknowledging that the savings bonds were jointly titled in her name and one of her children's, they were purchased with her own funds, bore her social security number, and were available to her at all times.

The ALJ also found that the Son's testimony was incredible that the bonds were intended to be gifts for her children. The Department issued a final order upholding the ALJ's decision, and this appeal followed.[2]

■ Merlini contends that all the bonds should be excluded from calculating her available assets because the Department erred in holding that she had not gifted them to her children. She contends that her Son's testimony established that she had terminated her ownership interest in the bonds, thereby eliminating them from being available resources for purposes of computing her medical assistance eligibility. However, noting that only Merlini's social security number was on the bonds and she kept them in her possession, the ALJ found her Son's testimony, the only evidence that she intended them to be *inter vivos* gifts to him or his sisters, not credible. Because credibility determinations are solely within the discretion of the ALJ, which neither the Department nor this court can disregard on appeal, *1st Steps International Adoption, Inc. v. Department of Public Welfare,* 880 A.2d 24 (Pa.Cmwlth.2005), the Department properly found that Merlini had not made out that the bonds were gifted to her children.

■ Even if the Department properly found that the bonds were not gifted, Merlini then argues that the Department erred in finding that the entire value of the bonds should be attributed to her because she purchased the bonds with her own funds and only her social security number was listed on the bonds. She contends that because federal Treasury Department regulations apply to United States savings

**2.** Our scope of review of a decision of the Secretary is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Julia Ribaudo Senior Services v. Department of Public Welfare,* 915 A.2d 700 (Pa.Cmwlth.2007).

bonds, they dictate that she and one of her children are co-owners when listed together on the bond, and each person is entitled to 50% of the value of the bond. As a result, she contends that only 50% of the value of the bonds should be used to calculate her eligibility for medical assistance.[3]

Contrary to Merlini's argument, the applicable Treasury Regulation, 31 C.F.R. § 357.21(b)(2)(ii), provides that when, as here, two names are listed on a security joined by the word "or," that security "shall confer on each owner an **undivided** interest in the security and shall create a conclusive right of survivorship." (Emphasis added.) This undivided interest conveys on the co-owner the right to enjoy the total value of the security or to collect 100% of its value upon redemption. When determining whether such an asset is available when a personal resource, such as the savings bonds, here, is shared by the applicant for medical assistance, and an individual who is not an applicant for the program, 55 Pa.Code. § 178.4(e)(3), provides that if the applicant can dispose of all of the asset without the consent of the other owner, the applicant's share of the resource is presumed available for determining her eligibility for nursing home assistance. In this case, because Merlini could have cashed the bonds for her own use, the bonds were available for her use and disposal at all times, including when she applied for medical assistance and are, therefore, fully countable as resources in determining her eligibility for medical assistance.

Accordingly, the decision of the Department is affirmed.

### *ORDER*

AND NOW, this 25th day of July, 2007, the order of the Department of Public Welfare, dated December 29, 2006, is affirmed.

---

**3.** Merlini also argues that the Department applied the improper rebuttable presumption to determine that she was the owner of the total value of the savings bonds because it based this presumption on guidelines found in Chapter 440.2 of its Nursing Care Handbook. She contends that this section only addresses ownership shares of joint accounts rather than co-owned bonds. However, the presumptions in this chapter are derivative of those located in 55 Pa.Code § 178.4. Although Chapter 440.2 speaks in terms of joint accounts and not co-owned bonds, we find no cognizable error in the Department premising its determinations on this chapter rather than 55 Pa.Code § 178.4(e)(3). As such, we need not address this argument.